### HENRY HAPGOOD *vs.* NATHANIEL BLOOD.

A certificate of discharge in insolvency under the *St.* of 1838, *c.* 163, § 7, is no bar, in whole or in part, to an action for entering the plaintiff's close and cutting and carrying away wood and timber and converting them to the defendant's use.

A mortgagor in possession of a farm after condition broken may cut firewood and timber for repairs, for use upon the premises, and for other ordinary purposes, according to the well known and existing usages of good husbandry.

ACTION OF TORT for breaking and entering the plaintiff's close, and cutting, carrying away and converting to the defendant's use wood and timber.

Answer, 1st, a denial of the plaintiff's ownership and possession; 2d, that the close was a part of the defendant's homestead farm, and the wood and timber were cut by the defendant, and used thereon for firewood, in the ordinary course of good husbandry, and under authority and license so to do; 3d, a certificate of discharge in insolvency, under proceedings commenced after the alleged trespass.

At the trial in the court of common pleas, before *Morris*, J., it appeared that the defendant on the 5th of August 1852 made a mortgage of the premises, which was assigned to the plaintiff in November 1853, but under which he had never entered or taken possession; and that the defendant had for years before the mortgage and ever since been in the possession and occupa-

tion of the premises as a part of his homestead farm, where he was accustomed to get wood for his own use ; and that, after the assignment to the plaintiff and breach of the condition of the mortgage, he cut down, and used in his own family, or otherwise disposed of, a quantity of standing wood from the premises.

The defendant offered evidence that he used and treated the premises as his own property, and made improvements thereon in connection with the cutting of the wood and timber, which would render the premises more valuable after the wood and timber were taken, than they were when the mortgage was given, or would otherwise have been. But the judge excluded the evidence, except so far as it related to care and improvement by the defendant upon the particular part of the premises where the wood was cut.

The defendant also offered to show that the original mortgagee, when the mortgage was given, and afterwards, before the assignment, gave the defendant full license and authority by parol to use and occupy the premises in all respects as his own. But the judge excluded this evidence also.

The judge instructed the jury that the defendant had no right to cut down and use for firewood for his own family, or for sale, any of the trees, valuable for wood and timber ; and that the certificate of discharge in insolvency did not bar the plaintiff's claim or any part thereof. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*T. L. Wakefield*, for the defendant, cited *St.* 1838, *c.* 163, §§ 3, 7, & Report of Commissioners, Cutler's Insolvent Law, (2d ed.) 10, 159 ; *Smith* v. *Moore*, 11 N. H. 62 ; *Morey* v. *McGuire*, 4 Verm. 327 ; *Bussey* v. *Page*, 14 Maine, 132 ; *Frothingham* v. *McKusick*, 24 Maine, 403.

*B. F. Butler*, for the plaintiff.

DEWEY, J. The discharge in insolvency obtained by the defendant, although subsequent to the present cause of action, cannot avail the defendant, as the case is not embraced in the provisions of the *St.* of 1838, *c.* 163, § 7, by which the insolvent debtor is by force of his discharge to be exempted from any suit " for or on account of any goods or chattels wrongfully obtained,

taken or withheld by the debtor." Such demands "may be proved and allowed as debts to the amount of the worth of the property thus taken." § 3. These provisions are clearly limited to demands for personal property wrongfully taken; and do not include a demand for a trespass *quare clausum fregit*, where damages are claimed for cutting and carrying away wood and timber trees, part of the real estate trespassed upon, and which only became personal property by the very trespass itself. The plaintiff might perhaps, at his election, have waived all claim for damages to the soil, and asked an allowance for the wood and timber after it was severed; and had it been thus allowed and proved, it would have been barred. But the plaintiff was not obliged to do so, nor required to present a claim for a portion of his damages for an illegal entry upon land, and injury to his freehold. The trespass upon the land of the plaintiff was the substantive cause of action; *Eames* v. *Prentice*, 8 Cush. 337; and the value of the wood and timber taken was merely part of the damages, and was not barred by the discharge.

This makes it necessary to consider the further objection taken to the right of the plaintiff to maintain this action. The precise relations of a mortgagee and mortgagor as to their respective rights in the land mortgaged have been the subject of frequent judicial inquiry, which has resulted in different views by different judicial tribunals. The settled doctrine of this court, which has the concurrence of the supreme courts of Maine and New Hampshire, is, that a mortgagee, after condition broken, may bring an action of trespass *quare clausum fregit*, where the alleged trespass is the cutting down and carrying away, without license from the mortgagee, express or implied, standing wood and timber, although there has been no formal entry for foreclosure by the mortgagee. This was so directly held in *Page* v. *Robinson*, 10 Cush. 102, and in two previous unreported decisions there cited. The alleged injuries in such a case are injuries to the freehold rather than to the possession. But all cutting of wood and timber by a mortgagor in possession, occupying by the permission of the mortgagee, is not to be

deemed a trespass.   Nor will an action of trespass lie by the mortgagee against the mortgagor for the occupation and use of the premises for the purposes of ordinary husbandry.   The mere ordinary use of a wood lot, in the manner usually practised by the owner of a farm for supplying his own fires, may be justified, in the absence of any express notice forbidding the same. The well known and existing usages as to the mode of carrying on a farm to which a wood lot is attached, both as to the cutting of suitable wood for fires, and of timber for repairing fences, are not to be overlooked, and they may furnish sufficient justification for such acts.   This was assumed and distinctly stated in the case of *Page* v. *Robinson,* 10 Cush. 102.   As was correctly held in *Smith* v. *Moore,* 11 N. H. 62, " the mortgagee cannot treat the mortgagor as a trespasser if, under the circumstances of the case, an assent to the act of the mortgagor may be fairly presumed by a jury."   The continued possession of the premises by the mortgagor is in that case permissive, and may extend to the use of the wood, as well as the land.   Upon this point the ruling was erroneous, and the case must be submitted to the jury under instructions to the effect above stated. The evidence of an express license from the original mortgagee was of course no justification for acts of cutting wood long after he had conveyed his interest to an assignee of the mortgage ; and is not further urged in the defence.   The fact that there was another wood lot, not embraced in the mortgage, from which the necessary fire wood might have been obtained, is not an answer to the defence of an implied license to cut wood on the land mortgaged, if the jury find that such cutting firewood for family use was in the ordinary course of carrying on the farm, as had been theretofore practised, and from all the circumstances of the case they can fairly presume the implied assent of the mortgagee thereto.            *Exceptions sustained.*